IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| JOHN MEZZALINGUA ASSOCIATES, INC., D/B/A PPC, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br><br>PACE ELECTRONICS, INC., D/B/A PACE INTERNATIONAL, a Minnesota corporation,<br><br>Defendants. | CIV. A. No. 10-cv-64 (MJD/JJG)<br><br><br><br>**ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**<br><br><br>**JURY DEMANDED** |

## ANSWER TO COMPLAINT

Defendant Pace Electronics, Inc., d/b/a Pace International ("Pace"), by and through its counsel, answers the Complaint of John Mezzalingua Associates, Inc., d/b/a PPC ("PPC"), as follows:

1. As it relates to the allegations contained in paragraph 1 of the Complaint, Pace lacks knowledge and information sufficient to form a belief about the truth of the allegations and therefore denies same.

2. The allegations contained in paragraph 2 of the Complaint are admitted.

3. The allegations contained in paragraph 3 of the Complaint are denied, except that Pace admits that PPC purports to bring this action pursuant to the patent laws of the United States, including 35 U.S.C. §§ 271, 281, 283, 284, and 285.

81257473.1

4. The allegations contained in paragraph 4 of the Complaint are denied, except that Pace admits that PPC purports to bring this action also pursuant to Sections 34, 35, 36 and 43 of the Lanham Act, Title 15 U.S.C. §§ 1116, 1117, 1118 and 1125.

5. The allegations contained in paragraph 5 of the Complaint are admitted.

6. The allegations contained in paragraph 6 of the Complaint are denied.

7. The allegations contained in paragraph 7 of the Complaint are admitted.

8. The allegations contained in paragraph 8 of the Complaint are admitted.

9. The allegations contained in paragraph 9 of the Complaint are admitted.

10. As it relates to the allegations contained in paragraph 10 of the Complaint, Pace lacks knowledge and information sufficient to form a belief about the truth of the allegations and therefore denies same.

11. As it relates to the allegations contained in paragraph 11 of the Complaint, Pace admits that a true and correct copy of the '416 patent is attached to the Complaint as Exhibit A. Pace denies the remainder of the allegations of paragraph 11, including, in particular, that the '416 patent allegedly protects a "technical innovation" of PPC.

12. The allegations contained in paragraph 12 of the Complaint are admitted.

13. As it relates to the allegations contained in paragraph 13 of the Complaint, Pace lacks knowledge and information sufficient to form a belief about the truth of the allegations and therefore denies same.

14. As it relates to the allegations contained in paragraph 14 of the Complaint, Pace admits that PPC has not licensed Pace to practice the '416 patent and PPC has not

licensed Pace to license others to practice the '416 patent. Pace denies the remainder of the allegations in paragraph 14.

15. As it relates to the allegations contained in paragraph 15 of the Complaint, Pace lacks knowledge and information sufficient to form a belief about the truth of the allegations and therefore denies same.

16. As it relates to the allegations contained in paragraph 16 of the Complaint, Pace denies that it has engaged in any infringing acts. As it relates to the remainder of the allegations contained in paragraph 16, Pace lacks knowledge and information sufficient to form a belief about the truth of the allegations and therefore denies same.

17. As it relates to the allegations contained in paragraph 17 of the Complaint, Pace lacks knowledge and information sufficient to form a belief about the truth of the allegation that Exhibit B includes "an image of a PPC EX connector (bottom connector)." Pace denies the remainder of the allegations contained in paragraph 17.

18. As it relates to the allegations contained in paragraph 18 of the Complaint, Pace denies the existence of an "EX Connector Trade Dress." As it relates to the remainder of the allegations contained in paragraph 18, Pace lacks knowledge and information sufficient to form a belief about the truth of the allegations and therefore denies same.

19. The allegations contained in paragraph 19 of the Complaint are denied.

20. As it relates to the allegations contained in paragraph 20 of the Complaint, Pace admits an image of a Pace MVP-RG6-U connector is shown in Exhibit B (top connector). Pace denies the remainder of the allegations in paragraph 20.

21. The allegations contained in paragraph 21 of the Complaint are denied.

22. Pace realleges and incorporates its responses to the foregoing paragraphs as though fully set forth herein.

23. The allegations contained in paragraph 23 of the Complaint are denied.

24. The allegations contained in paragraph 24 of the Complaint are denied.

25. The allegations contained in paragraph 25 of the Complaint are denied.

26. The allegations contained in paragraph 26 of the Complaint are denied.

27. The allegations contained in paragraph 27 of the Complaint are denied.

28. Pace realleges and incorporates its responses to the foregoing paragraphs as though fully set forth herein.

29. The allegations contained in paragraph 29 of the Complaint are denied.

30. The allegations contained in paragraph 30 of the Complaint are denied.

31. The allegations contained in paragraph 31 of the Complaint are denied.

32. The allegations contained in paragraph 32 of the Complaint are denied.

33. The allegations contained in paragraph 33 of the Complaint are denied.

34. The allegations contained in paragraph 34 of the Complaint are denied.

35. The allegations contained in paragraph 35 of the Complaint are denied.

36. The allegations contained in paragraph 36 of the Complaint are denied.

37. The allegations contained in paragraph 37 of the Complaint are denied.

38. The allegations contained in paragraph 38 of the Complaint are denied.

39. Defendant avers that any facts not specifically admitted herein are denied.

# AFFIRMATIVE DEFENSES

Pace, by way of affirmative defenses against PPC, states:

## First Affirmative Defense

40. Pace does not infringe, has not induced infringement, and has not contributed to infringement of any valid and enforceable claim of the '416 patent.

## Second Affirmative Defense

41. Each and every claim of the '416 patent is invalid and/or unenforceable under one or more provisions of the patent laws of the United States, including but not limited to 35 U.S.C. §§ 102, 103, and 112.

## Third Affirmative Defense

42. Amendments to the claims and arguments presented to the patent examiner during prosecution of the '416 patent restrict the scope of the claims and constitute prosecution history estoppel barring a finding of infringement.

## Fourth Affirmative Defense

43. Pace has not done any act or thing and is not proposing to do any act or thing in violation of any rights validly belonging to PPC under the '416 patent. The '416 patent is invalid and unenforceable, is not infringed by Pace, and Pace is not liable for infringement of said patent.

## Fifth Affirmative Defense

44. PPC's claims are barred in whole or in part because it has failed to state any claim against Pace for which relief can be granted and/or there is no issue of material facts supporting its claims.

**Sixth Affirmative Defense**

45. PPC's claim of trade dress infringement is barred in whole or in part because the design and external appearance of PPC's EX product is not inherently distinctive.

**Seventh Affirmative Defense**

46. PPC's claim of trade dress infringement is barred in whole or in part because the design and external appearance of PPC's EX product has not obtained and cannot obtain secondary meaning.

**Eighth Affirmative Defense**

47. PPC's claim of trade dress infringement is barred in whole or in part because the design and external appearance of PPC's EX product is functional.

## COUNTERCLAIMS

48. Pace, by this reference, incorporates the foregoing paragraphs as though fully set forth herein.

49. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202, and 15 U.S.C. § 1121.

50. This Court has personal jurisdiction over PPC because PPC submitted to this Court's jurisdiction by bringing the instant action against Pace.

51. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

Pace, for their counterclaims against PPC, states:

**First Count**

52. Pace, by this reference, incorporates the foregoing paragraphs as though fully set forth herein.

53. This is an action for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202. An actual controversy exists between Pace and PPC arising out of the United States patent laws, 35 U.S.C. § 101, et seq.

54. The '416 patent was filed on February 18, 2004 and issued October 10, 2006.

55. PPC alleges that it is the owner of the '416 patent and that Pace has engaged in infringing activities.

56. Pace denies all allegations of infringement.

57. Pace further contends that each claim of the '416 patent is invalid and/or unenforceable under the patent laws of the United States, including, without limitation, 35 U.S.C. § 102, 103 and 112.

58. There is an actual controversy over the validity, enforceability and infringement of the '416 patent.

59. Pace requests that the Court declare that all claims of the '416 patent are invalid and/or unenforceable, and not infringed by Pace.

**Second Count**

60. Pace, by this reference, incorporates the foregoing paragraphs as though fully set forth herein.

61. This is an action for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202. An actual controversy exists between Pace and PPC arising out of the Lanham Act of 1946.

62. PPC contends that the external appearance of its EX connectors is unique and distinctive and further that the external appearance has become "widely known in the minds of the consuming public and in the trade as identifying connectors which originate from PPC." Pace denies that PPC has trade dress rights in the EX connectors.

63. PPC further contends that Pace purportedly uses the trade dress of the EX connectors in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A). Pace denies all such allegations.

64. There is an actual controversy with respect to whether PPC has trade dress rights in the EX connectors and whether Pace infringes on any such rights.

65. Pace requests that the Court declare that PPC does not have trade dress rights in the EX connectors and further that no such rights have been infringed by Pace.

## PRAYER FOR RELIEF

**WHEREFORE**, defendant Pace seeks the following relief:

A. Dismissing PPC's Complaint against Pace with prejudice;

B. Denying all relief requested by PPC;

C. Declaring that all claims of the '416 patent are invalid, unenforceable and/or not infringed;

D. Granting Pace its costs;

E.  Declaring this case exceptional under 35 U.S.C. § 285 and awarding Pace its reasonable attorney fees, costs and expenses; and/or

F.  Granting such other relief as justice requires.


DATED: February 1, 2010          Respectfully submitted,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

By:  /s/ Mathew J. Yang

Ronald J. Schutz (#130849)
Mathew J. Yang  (#0388584)
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN  55402
Telephone: (612) 349-8500
RJSchutz@rkmc.com
MJYang@rkmc.com

*Attorneys for Defendant Pace Electronics, Inc., d/b/a Pace International.*